IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRIS GRINDLING, #A0721079, | ) | CIV. NO. 12-00361 LEK/BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | DISMISSAL ORDER PURSUANT TO 28 |
| vs. | ) | U.S.C. § 1915 |
| | ) | |
| FREDERICK MARTONE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DISMISSAL ORDER PURSUANT TO 28 U.S.C. § 1915

Before the court is *pro se* Plaintiff Chris Grindling's
prisoner civil rights complaint brought pursuant to 42 U.S.C.
§ 1983.  Plaintiff is incarcerated at the Maui Community
Correctional Center ("MCCC").  Plaintiff names twenty-seven
defendants in Hawaii and Arizona, including federal and state
judges, and prison and other state officials, alleging that they
have violated his constitutional rights over the past several
years.  Plaintiff's Complaint is dismissed for failure to state a
claim pursuant to 28 U.S.C. § 1915A(b)(1).  Plaintiff is given
leave to amend, as discussed and limited below.

## I. BACKGROUND

The Complaint is somewhat disjointed, rambling, and
difficult to comprehend.  Plaintiff names numerous state and
federal officials as defendants, including: (1) U.S. District
Judge Frederick Martone, District of Arizona; (2) U.S. District
Judge David A. Ezra, District of Hawaii; (3) U.S. Magistrate
Judge Kevin S.C. Chang, District of Hawaii; (4) Second Circuit

Judge Shackley Raffetto, State of Hawaii; (5) Second Circuit
Judge Rhonda Loo, State of Hawaii; (6) Chief Judge Craig
Nakamura, Hawaii Intermediate Court of Appeals ("IAC"); (7) Judge
Alexa D.M. Fujise, IAC; (8) Judge Katherine Leonard, IAC; (9)
Judge Daniel R. Foley, IAC; (10) Justice Simeon R. Acoba, Hawaii
Supreme Court ("HSC"); (11) Justice Richard W. Pollack, HSC; (12)
Justice James E. Duffy, HSC (ret.); (13) Chief Justice
Ronald T.Y. Moon, HSC (ret.); (14) Chief Justice Mark E.
Rectenwald, HSC; (15) Justice Sabrina McKenna, HSC; (16) Justice
Paula A. Nakayama, HSC; (17) Scott Jinbo, Hawaii Department of
Public Safety ("DPS"); (18) Heather Kimura, DPS; (19) David M.
Louie, Hawaii Attorney General; (20) Moana M. Lutey, Deputy
Corporation Counsel, Maui; (21) Captain Paleka, Halawa
Correctional Facility (HCF); (22) DPS Director Joedie Maesaka-
Hirata; (23) MCCC Warden James Hirano; (24) DPS Administrator
Shari Kimoto; (25) Saguaro Correctional Center ("SCC") Grievance
Coordinator Juan Valenzuela; (26) SCC Unit Manager Dobson; and
(27) SCC Property Officer Streeter (collectively "Defendants").

Plaintiff claims that Defendants violated his rights
under the First, Eighth, and Fourteenth Amendments to the United
States Constitution.  Plaintiff alleges five causes of action, as
discussed in more detail below, and seeks compensatory damages,
declaratory and injunctive relief.

## II. <u>LEGAL STANDARD</u>

The court must screen all civil actions brought by prisoners that relate to prison conditions and/or seek redress from a governmental entity, officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

A complaint may be dismissed for failure to state a claim if it (1) lacks a cognizable legal theory; or (2) contains insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, ----, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe

those facts in the light most favorable to the plaintiff.
*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Leave to
amend should be granted unless it appears that amendment is
futile. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## III. <u>DISCUSSION</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff
must allege two elements: (1) that a right secured by the
Constitution or laws of the United States was violated, and (2)
that the violation was committed by a person acting under the
color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The statute plainly requires that there be an actual
connection or link between the actions of the defendants and the
deprivation alleged to have been suffered by plaintiff. *See*
*Monell v. Dep't of Soc. Serv.*, 436 U.S. 658(1978); *Rizzo v.*
*Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a]
person 'subjects' another to the deprivation of a constitutional
right, within the meaning of section 1983, if he does an
affirmative act, participates in another's affirmative acts or
omits to perform an act which he is legally required to do that
causes the deprivation of which complaint is made." *Johnson v.*
*Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

//

//

//

**A.  The Complaint Fails to Comply With The Federal Rules Of Civil Procedure**

*1.  Rule 8*

Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Cmty. Redev. Agency of City of L.A.*, 733 F.2d 646, 649 (9th Cir. 1984).  "All that is required [by Fed. R. Civ. P. 8(a)] is that the complaint gives 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'"  *Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996) (*quoting Datagate, Inc. v. Hewlett-Packard Co.*, 941 F.2d 864, 870 (9th Cir. 1991)).

A complaint with the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a).  *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also McHenry*, 84 F.3d 1172.  That is, a complaint that is so confusing that its "true substance, if any, is well disguised" may be dismissed *sua sponte* for failure to satisfy Rule 8.  *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v.*

5

*City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also*
*McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something
labeled a complaint but written . . . ., prolix in evidentiary
detail, yet without simplicity, conciseness and clarity as to
whom plaintiffs are suing for what wrongs, fails to perform the
essential functions of a complaint.").

Plaintiff's claims are rambling, difficult to decipher,
repetitive, and fail to plainly and succinctly show how and when
each Defendant violated his constitutional rights and that he is
entitled to relief. Plaintiff fails to specify the dates when
his claims allegedly took place, where each of these violations
allegedly occurred, or how any specific Defendant violated the
laws, treaties, or Constitution of the United States. Plaintiff
repeats his claims against many Defendants over and over,
providing the same details and alleging the same conclusions in
several of his counts. That is, Plaintiff alleges supporting
facts against various Defendants throughout his claims without
regard to what his stated cause of action in the specific claim
might allege.

In short, Plaintiff's Complaint fails to clearly
separate and allege sufficient factual details relevant to each
claim against each Defendant to "state a claim to relief that is
plausible on its face." *Bell Atlantic Corp. v. Twombley, 550
U.S. 544*, 570 (2007). As written, it is extremely difficult, if

6

not impossible to determine who did what to Plaintiff, when his claims accrued, what his specific claims against each individual Defendant entails, and how his constitutional rights were violated. *See McHenry*, 84 F.3d at 1178-80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### 2. *Rules 18 and 20*

More importantly, the Complaint includes unrelated claims against wholly unrelated defendants, based on separate factual scenarios, that occurred at different times and places in Hawaii and Arizona, and that involve different legal theories and causes of action. The Federal Rules of Civil Procedure set forth the rules regarding joinder of parties or claims. "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a); *see also*, *Aul v. Allstate Life Ins. Co.*, 993 F.2d 881, 884 (9th Cir. 1993) ("A claim based on different rights and established by different transactional facts will be a different cause of action."). "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the

7

Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Additionally, a claim may be brought against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980).

Plaintiff's claims do not conform with Rules 18 and 20, and cannot proceed in a single action. His claims alleging inadequate conditions of confinement at SCC against the Arizona Defendants have no connection to his claims against DPS and HCF Defendants in Hawaii for the conditions of confinement at HCF. Nor do his claims challenging the conditions of confinement at HCF relate to his claims challenging the conditions of confinement at MCCC.

Similarly, Plaintiff's claims challenging the constitutionality of various Hawaii statutes do not relate to his claims regarding the conditions of confinement at SCC, HCF, or MCCC. Nor do these claims arise out of the same transactions or occurrences as his allegations against the various federal and

state judges, or his claims against Hawaii Attorney General
David Louie or Maui Deputy Corporation Counsel Moana Lutey.  It
appears that Plaintiff has asserted these disparate claims
against unrelated defendants in this single action because he has
paid the filing fee for this action and hopes to forego paying
additional filing fees.[1]

Plaintiff's Complaint is DISMISSED for failure to state
a claim under Rule 8 and for failure to comply with Rules 18 and
20 of the Federal Rules of Civil Procedure.  This dismissal is
without prejudice and with leave to amend so that Plaintiff may
decide which of his claims he will proceed with in this action,
and which he will raise in other actions.  That is, if Plaintiff
chooses to file an amended complaint, he must allege related
facts against related Defendants for claims that arise from the
same transactions and occurrences.  Separate unrelated
allegations against wholly unrelated Defendants must be submitted
in separate complaints.  For example, Plaintiff's claims
challenging the conditions of confinement at HCF, SCC, or MCCC
are unrelated to each other in time, place, and as against the
alleged defendants.  Similarly, Plaintiff's allegations
concerning alleged violations that occurred in Arizona are
unrelated to his claims involving incidents in Hawaii.

---

[1] Plaintiff has apparently paid the filing fee in this
action in anticipation of being barred from proceeding *in forma
pauperis* under 28 U.S.C. § 1915(g).

Plaintiff's claims concerning the constitutionality of several Hawaii statutes and challenging his conviction and sentence are unrelated to his claims challenging the conditions of confinement at the various prisons at which he was confined. These claims belong in separate complaints, each subject to separate filing fees and screening requirements.

**B.  Immunities**

### 1. Official Capacity and Eleventh Amendment Immunity

It is unclear in what capacity, individual and/or official, that Plaintiff names Defendants. To the extent that he names Defendants in their official capacities, he is notified that state officials sued in their official capacities are not persons subject to civil rights suits under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70 (1989); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007). Further, "[t]he Eleventh Amendment bars suits against a state or its agencies, regardless of the relief sought, unless the state unequivocally consents to a waiver of its immunity." *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005) (quoting *Yakama Indian Nation v. State of Wash. Dep't of Revenue,* 176 F.3d 1241, 1245 (9th Cir. 1999)). The only exception is "for prospective declaratory and injunctive relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law." *Id.* (quoting *Agua Caliente Band of Cahuilla Indians v. Hardin,* 223

10

F.3d 1041, 1045 (9th Cir. 2000); *see Ex parte Young,* 209 U.S. 123
(1908).

### 2. *Judicial Immunity*

Plaintiff alleges that sixteen state and federal judges
violated his constitutional rights when they allegedly "refused"
to rule on motions or issues that he raised during civil and
criminal court proceedings.

Judges are absolutely immune from liability for damages
based on acts performed in their official capacities. *Ashelman
v. Pope*, 793 F.2d 1072 (9th Cir. 1986) (*en banc*). Judicial
immunity applies no matter how "erroneous the act may have been,
and however injurious in its consequences it may have proved to
the plaintiff." *Id.* at 1074 (citing *Cleavinger v. Saxner*, 474
U.S. 193 (1985) (quotations omitted)). Judicial immunity is not
affected "by the motives with which their judicial acts are
performed." *Ashelman*, 793 F.2d at 1077.

"A judge will not be deprived of immunity because the
action he took was in error, was done maliciously, or was in
excess of his authority; rather he will be subject to liability
only when he has acted in the clear absence of all jurisdiction."
*Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotations
omitted). The Ninth Circuit broadly construes the scope of
judicial immunity, which applies even if there are allegations
that a judicial decision resulted from a bribe or a conspiracy.

11

*Ashelman*, 793 F.2d at 1078.

Absolute immunity "is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief." *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) (discussing federal judges' immunities). Moreover, in 1996 Congress amended 42 U.S.C. § 1983 to prohibit the grant of injunctive relief against *any* judicial officer, state or federal, acting in his or her official capacity "unless a declaratory decree was violated or declaratory relief  was unavailable."  42 U.S.C. § 1983.

Judicial immunity is not absolute; there is no immunity if a judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. *Ashelman*, 793 F.2d at 1075.  An act is judicial in nature if it is a function normally performed by a judge.  *Id.*  To determine whether an act is judicial or non-judicial, the Ninth Circuit asks whether:

> (1) the act is a normal judicial function; (2) the
> events occurred in the judge's chambers; (3) the
> controversy centered around a case then pending before
> the judge; and (4) the events at issue arose directly
> and immediately out of a confrontation with the judge
> in his or her official capacity.

*In re Complaint of Judicial Misconduct*, 366 F.3d 963, 965 (9th Cir. 2004).

Plaintiff's allegations against these judicial Defendants appear to challenge decisions that these judges made while acting within their normal, official judicial capacities

and functions.  Although Plaintiff claims that, "these actions
cannot be said judicial [as] its [sic] a judges [sic] sole role
to rule on issues presented[,]" this statement actually shows
that Plaintiff understands that these judges made their
determinations during his civil and criminal proceedings as part
of their official capacities and functions.

## C.    **Heck v. Humphrey**

        To the extent that Plaintiff alleges due process
violations that allegedly occurred during his criminal
proceedings in a challenge to his conviction and sentence, those
claims are barred by the doctrine set forth in *Heck v. Humphrey*,
512 U.S. 477 (1994).  "[T]o recover damages for an allegedly
unconstitutional conviction or imprisonment, or for other harm
caused by actions whose unlawfulness would render a conviction or
sentence invalid, a § 1983 plaintiff must prove that the
conviction or sentence has been reversed on direct appeal,
expunged by executive order, declared invalid by a state tribunal
authorized to make such determination, or called into question by
a federal court's issuance of a writ of habeas corpus[.]"  *Id.*
512 U.S. at 486-87.

        Plaintiff concedes that his sentences have not been
reversed, expunged, declared invalid, or otherwise set aside, as
that is the basis for at least some of his claims.  Because
Plaintiff is given leave to amend, and in light of the sparse and

confusing facts alleged in the Complaint regarding his conviction and sentence, Plaintiff is notified that if he files an amended complaint, or new complaints, that include claims challenging his conviction and sentence, as it appears, these claims are subject to a possible *Heck* bar.

Moreover, to the extent that Plaintiff challenges his conviction and sentence those claims should be raised in an action pursuant to 28 U.S.C. § 2254. Plaintiff, however, has already unsuccessfully pursued a habeas petition in this court, *see* 1:10-cv-00429 KSC, and he must seek permission from the Ninth Circuit Court of Appeals before bringing another habeas action to this court. *See* 28 U.S.C. § 2244(b)(3)(A).

**D. Claims For Injunctive Relief Against SCC and HCF Officials Are Moot**

Because Plaintiff is no longer incarcerated at SCC or HCF, his claims for injunctive relief against SCC and HCF officials are moot. Constitutional standing to sue requires three elements: (1) an injury in fact (2) that is fairly traceable to the defendant and (3) that is likely to be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). An inmate's transfer to another prison while his claims are pending generally moots claims seeking injunctive or declaratory relief regarding prison policies. *See Preiser v. Newkirk*, 422 U.S. 395 (1975) (inmate's request for declaratory judgment rendered moot by inmate's transfer to

14

another prison); *Dilley v. Gunn*, 64 F.3d 1365, 1368–69 (9th Cir. 1995) (inmate's request for injunctive relief rendered moot by inmate's transfer to another prison); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (*per curiam*) (same); *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986) (same).

Plaintiff's transfer to MCCC renders his claims against SCC and HCF officials moot, as there is no indication that Plaintiff will be transferred back to either prison. *See Wiggins v. Rushen*, 760 F.2d 1009 (9th Cir. 1985) (chance that prisoner might be returned to prison where injury occurred is too speculative to demonstrate reasonable expectation that injury may recur).

**E.  Access to the Court (Count I)**

Plaintiff alleges that he was denied access to the courts by: (1) the judicial Defendants, for their alleged refusal to rule on claims he raised in judicial proceedings or on appeal; (2) Defendant Moana Lutey, for successfully having him declared a vexatious litigant in the Hawaii state courts; (3) DPS Defendant Scott Jinbo, for ordering others to deny him a check for a filing fee, allegedly causing a delayed filing in an unspecified case; and (4) SCC Unit Manager Dobson and others in Arizona for denying him adequate access to the law library, hampering his mail, denying him copies, and denying him the ability to file grievances.

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). That right is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). To state a claim based on denial of access to the courts, a plaintiff must allege facts demonstrating that he suffered an actual injury by being shut out of court. *Harbury*, 536 U.S. at 415; *Lewis*, 518 U.S. at 351. In other words, a claim for deprivation of the constitutional right of access to the courts must allege both the underlying cause of action, whether that action is merely anticipated or already lost, and the official acts that frustrated the litigation. *Harbury*, 536 U.S. at 415-16.

Plaintiff fails to adequately identify any case or cases that were lost, or provide details of any actual injury he suffered with respect to a direct criminal appeal, a habeas petition, or a non-frivolous civil rights suit due to Defendants' actions. *See Harbury*, 536 U.S. at 415; *Lewis*, 518 U.S. at 351, 354. Although Plaintiff refers to his state criminal prosecution throughout his Complaint, the court takes judicial notice of its

own files and records and notes that Plaintiff challenged his

conviction through direct appeal to the Hawaii Supreme Court and

by means of an unsuccessful habeas petition in this court.² *See*

*Grindling v. Thomas*, 1:10-cv-00429 KSC (D. Haw., Mar. 29, 2011)

(denying petition) *aff'd*, No. 11-16094 (9th Cir. Dec. 21, 2011)

(denying certificate of appealability).  He cannot show that he

was denied access to the courts either in his criminal

proceedings or in his challenges to those proceedings.

        Plaintiff also refers to unspecified actions in the

federal courts but does not explain how and in which cases he was

denied access to the court.  A review of Plaintiff's seventeen

previous federal civil actions does not demonstrate such a

denial.  In each of these cases, the court carefully considered

Plaintiff's claims, issued orders to show cause where required,

and issued decisions based on the claims Plaintiff set forth.

The court is unable to find any civil rights case filed by

Plaintiff that was dismissed because he failed to timely file a

document or pleading, as he claims.  Plaintiff's claims are

simply conclusions; he does not adequately allege any actual

---

        ² A court "may take notice of proceedings in other courts,
both within and without the federal judicial system, if those
proceedings have a direct relation to matters at issue." *United
States ex rel. Robinson Rancheria Citizens Council v. Borneo*,
Inc., 971 F.2d 244, 248 (9th Cir. 1992).  A court may also take
judicial notice of the existence of matters of public record,
such as a prior order or decision, but not the truth of the facts
cited therein. *See Lee v. City of Los Angeles*, 250 F.3d 668,
689-690 (9th Cir. 2001)

injury to his ability to initiate or prosecute such actions. *See*
*Silva v. DiVittorio*, 658 F.3d 1090, 1101-04 (9th Cir. 2011).
Plaintiff fails to sufficiently allege that Defendants' alleged
"tampering" with Plaintiff's legal mail, denying him postage, or
refusing to process his IFP requests, hindered his ability to
prosecute his direct criminal appeal, habeas corpus petition, or
non-frivolous civil rights actions.

## F.    Retaliation and Conspiracy Claim (Count II)

Plaintiff claims that his denial of access to the
courts claim in Count I and his conspiracy/retaliation claim in
Count II are "one and the same." To properly assert a conspiracy
claim pursuant to § 1983, the complaint must "allege specific
facts to support the existence of a conspiracy among the
defendants." *Buckey v. Cnty. of Los Angeles*, 968, 791, 794 (9th
Cir. 1992); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d
621, 626 (9th Cir. 1988). Plaintiff must allege that defendants
conspired or acted jointly in concert and that some overt act was
done in furtherance of the conspiracy. *Sykes v. State of Calif.*,
497 F.2d 197, 200 (9th Cir. 1974).

A prisoner must set forth five essential elements to
state a viable claim for retaliation. See *Rhodes v. Robinson*,
408 F.3d 559, 566 (9th Cir. 2005).

> (1) An assertion that a state actor took some adverse
> action against an inmate (2) because of (3) that
> prisoner's protected conduct, and that such action (4)
> chilled the inmate's exercise of his First Amendment

18

rights, and (5) the action did not reasonably advance a
legitimate correctional goal.

408 F.3d at 567-68. *See also Brodheim v. Cry*, 584 F.3d 1262,

1269 (9th Cir. 2009) (applying *Rhode*s test); *Barnett v. Centoni*,

31 F.3d 813, 815-16 (9th Cir. 1994) (*per curiam*).

       Plaintiff's retaliation and/or conspiracy claim is the

quintessential "unadorned, the-defendant-unlawfully-harmed-me

accusation[,]" that the Supreme Court held insufficient to state

a claim. See *Iqbal*, 129 S. Ct. at 1949 (2009). Plaintiff

provides no facts suggesting that virtually all of his twenty-

seven named Defendants conspired or retaliated against him so as

to deny his First Amendment rights. Plaintiff simply reiterates

and incorporates by reference his allegations in Count I, then

concludes that, because he was allegedly denied access to the

courts, named a vexatious litigant, and his criminal appeal and

federal civil cases were unsuccessful, Defendants must be

conspiring with each other to retaliate against him. "Threadbare

recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Id.* Plaintiff's

allegation that Defendants conspired and retaliated against him

is insufficient. Because Plaintiff fails to include nonclusory

allegations containing evidence of unlawful intent, the court

finds that he has failed to meet the heightened pleading standard

required to state a claim for conspiracy.

//

## G.    Venue

When jurisdiction is not founded solely on diversity, venue is proper in the district in which: (1) any defendant resides, if all of the defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant may be found, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b); see also *Ziegler v. Indian River County*, 64 F.3d 470 (9th Cir. 1995) (extensive discussion on jurisdiction); *Lee v. Corr. Corp. of America*, 525 F. Supp. 2d 1238, 1241 (D. Haw. 2007).

Plaintiff's claims that SCC Defendants Valenzuela, Dobson, and Streeter reside in Arizona.  Claims against them relate to their allegedly improper handling or denial of his grievances and the loss of his personal property while he was incarcerated in Arizona.  It appears that venue of these claims therefore lies in Arizona.

## IV.  <u>LEAVE TO AMEND</u>

Plaintiff's Complaint is DISMISSED.  Plaintiff may file a proposed amended complaint and any additional separately-filed complaints on or before **August 20, 2012** curing the specific deficiencies noted above.  The proposed amended complaint and new complaints, if any, must allege related facts, concerning related

transactions and occurrences, against related Defendants that
cures the deficiencies noted in this order.  Separate unrelated
allegations against wholly-unrelated Defendants must be submitted
in separate complaints, each subject to separate filing fees,
docket numbers, and screening requirements.

In the amended or new complaints, Plaintiff must write
*short, plain statements* explaining: (1) the constitutional right
allegedly violated; (2) the name of the defendant who allegedly
violated that right; (3) facts connecting defendant's action or
inaction to the alleged violation of Plaintiff's constitutional
right; and (4) what specific injury Plaintiff suffered because of
that defendant's conduct.  *Rizzo*, 423 U.S. at 371-72.  Plaintiff
must repeat this process for each person he names as a defendant.

Any amended complaint must clearly designate that it is
the "First Amended Complaint."  The amended complaint must be
retyped or rewritten in its entirety on court-approved forms and
may not incorporate any part of the original Complaint by
reference.  *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992).
Any cause of action that was raised in the original complaint is
waived if it is not raised in an amended complaint.  *King v.
Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  If Plaintiff submits
any new complaints, they must designate that they are "Original"
complaints, and should not refer to the docket number assigned to
this action.

## V.  28 U.S.C. § 1915(g)

If Plaintiff fails to file an amended complaint, or new complaints, correcting the deficiencies identified in this Order, this dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI.  CONCLUSION

1.  The Complaint is DISMISSED in its entirety for failure to state a claim under Fed. R. Civ. P. 8 and for failure to comply with Fed. R. Civ. P. 18 and 20.

2.  Plaintiff is granted leave to file an amended complaint and/or new complaints on or before **August 20, 2012**, in compliance with this Order.  If Plaintiff fails to do so, this action shall be AUTOMATICALLY DISMISSED, without further notice and the Clerk SHALL enter judgment stating that the dismissal was made pursuant to 28 U.S.C. § 1915.

3.  The Clerk of Court is DIRECTED to forward a copy of

the court's approved prisoner civil rights complaint and

instructions to Plaintiff so that he may comply with this Order.

IT IS SO ORDERED.

DATED: HONOLULU, HAWAII, July 19, 2012.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Grindling v. Martone, et al.*, 1:12-cv-00361 LEK/BMK; DISMISSAL ORDER PURSUANT TO 28 U.S.C. § 1915; psas/Screening/dmp 2012/Grindling 12-361 (R18 R8 ftsc jud. imm. imp. ven)

23