IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CHRIS GRINDLING, #A0721079,  )          CIV. NO. 12-00361 LEK/BMK
                             )
                Plaintiff,   )
                             )          ORDER DISMISSING FIRST AMENDED
        vs.                  )          COMPLAINT PURSUANT TO 28 U.S.C.
                             )          § 1915
FREDERICK MARTONE, et al.,   )
                             )
                Defendants.  )
_____)

## ORDER DISMISSING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915

        Before the court is *pro se* Plaintiff Chris Grindling's

first amended prisoner civil rights complaint ("FAC") brought

pursuant to 42 U.S.C. § 1983.  Plaintiff is incarcerated at the

Maui Community Correctional Center ("MCCC"), and complains of

incidents that allegedly occurred there and at the Saguaro

Correctional Center ("SCC"), in Eloy, Arizona.

        Plaintiff names the Hawaii Department of Public Safety

("DPS") Director Jodie Maesaka-Hirata,[1] and DPS "contract

monitors," Scott Jinbo, Heather Kimura, and Shari Kimoto as

Defendants in their individual and official capacities.

Plaintiff alleges that Defendants violated his constitutional

rights by failing to ensure that prison officials in Arizona and

Hawaii complied with unspecified DPS policies, procedures, and

_____

        [1] Plaintiff misidentifies Maesaka-Hirata as "Jodi Hirata."
Further, Maesaka-Hirata is no longer the DPS Director.

contractual obligations, and/or for allegedly enforcing
unconstitutional DPS policies.  For the following reasons, the
FAC is dismissed for failure to state a claim pursuant to 28
U.S.C. § 1915A(b)(1).  Plaintiff is again given leave to amend,
as discussed and limited below.

## I. <u>LEGAL STANDARD</u>

The court must screen all civil actions brought by
prisoners that relate to prison conditions and/or seek redress
from a governmental entity, officer, or employee of a
governmental entity.  28 U.S.C. § 1915A(a).  A complaint or
portion thereof must be dismissed if its claims are legally
frivolous or malicious, fail to state a claim on which relief may
be granted, or seek monetary relief from a defendant who is
immune from such relief.  28 U.S.C. § 1915(e)(2); 28 U.S.C.
§ 1915A(b); 42 U.S.C. § 1997e(c)(1).

To state a claim, a pleading must contain a "short and
plain statement of the claim showing that the pleader is entitled
to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not
demand detailed factual allegations, "it demands more than an
unadorned, the-defendant-unlawfully-harmed-me accusation."
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare
recitals of the elements of a cause of action, supported by mere
conclusory statements, do not suffice."  *Id.*  "[A] complaint must
contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 1951.

Courts must "construe pro se filings liberally," *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). A pro se prisoner "complaint 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe*, 627 F.3d at 342 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Leave to amend should be granted unless it appears that amendment is futile. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## II.  **DISCUSSION**

To state a claim under 42 U.S.C. § 1983, a plaintiff

3

must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## A. Plaintiff's Claims

Plaintiff broadly alleges that Defendants violated his rights under the First, Eighth, and Fourteenth Amendments and seeks compensatory damages, declaratory and injunctive relief. In Count I, Plaintiff alleges that SCC grievance coordinator Juan Valenzuela denied him access to the grievance process by failing to respond to informal grievances and denying him grievance forms. FAC, ECF #9 at 6. Plaintiff says that he was transferred to SCC's segregation unit for attempting to file grievances. Plaintiff suggests that Defendants are liable for these actions based on their positions as DPS Director and contract monitors, although he does not allege specific facts showing their involvement.

In Count II, Plaintiff complains that after he was transferred to Arizona from Hawaii, a state court judge issued an order to show cause in his state action seeking a writ of habeas corpus. FAC, ECF #9 at 7. Plaintiff claims that Defendants disregarded this order to "produce the body," and refused to return him to Hawaii, in violation of Hawaii Revised Statutes §§ 660-22-23. Plaintiff asserts that under Hawaii law it is a

4

"criminal offense to transfer any person pending issu[a]nce of writ of habeas corpus." *Id.* at 8. Plaintiff also alleges that, when he was transferred back to Hawaii to participate in his federal civil rights suit in August 2011, SCC officials destroyed his personal property. *Id.* at 7-8. Plaintiff reiterates that he was denied the right to file grievances in Arizona, alleging this was "per orders of the Named Defendant." *Id.* at 8.

In Count III, Plaintiff alleges Defendants violated the Eighth Amendment by enforcing a DPS policy regarding treatment for inmates with Hepatitis C. FAC, ECF #9 at 9. Plaintiff says Defendants are aware that he has Hepatitis C and "due to policy deny treatment for monetary reason[.] A medical doctor should determine who does and doesn['] receive treatment not prison official policy." *Id.* Plaintiff claims that this policy places him in imminent danger and he broadly alleges that, "Denied treatment for a known illness causes death." *Id.*

In Count IV, Plaintiff reiterates that he was placed in SCC's segregation unit for "accessing the grievance process." FAC, ECF #9 at 10. He alleges that the conditions in SCC's segregation violated the Eighth Amendment, pursuant to "Defendants' policies and enforcement." FAC, ECF #9 at 10-12.

**B.    No Link Between Defendants and Allegations**

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the

deprivations alleged to have been suffered by plaintiff. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658(1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff provides no facts linking Defendants to his claims, other than his conclusion that they, as "contract monitors" or supervisors are responsible for the actions of SCC and MCCC employees. Plaintiff provides nothing showing that Maesaka-Hirata, Kimura, Kimoto, or Jinbo affirmatively acted, participated in another's affirmative acts, or failed to perform an act which he or she was legally required to do that caused the constitutional deprivations Plaintiff alleges. Plaintiff simply claims that he was: (1) denied the ability to file grievances at SCC, (2) placed in segregation at SCC, (3) unlawfully transferred from Hawaii to SCC, (4) denied medical care for Hepatitis C at SCC and MCCC, and (5) deprived of his personal property at SCC. Plaintiff makes no effort to explain who was personally responsible for each of these acts or how Defendants are specifically connected to these acts.

Plaintiff is required to demonstrate that each Defendant was personally involved in the alleged deprivations of his constitutional rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's entire case against Defendants is premised on his conclusory belief that they had authority as a special review team over SCC and MCCC prison officials and employees. This is insufficient to state a claim against them.

Moreover, Plaintiff's allegations do not show that any Defendant was even aware of Plaintiff's alleged mistreatments. Plaintiff also fails to state a claim against Defendants insofar as he alleges that they failed to intervene on his behalf after the fact during some review of DPS policy enforcement, or failed to prevent or remedy the allegedly unconstitutional behavior of others, or denied his grievances. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

## C. Supervisor Liability

Supervisors may not be held liable under § 1983 for the unconstitutional actions of their subordinates based solely on a theory of *respondeat superior*. *See Iqbal*, 556 U.S. at 676; *Moss v. U.S. Secret Serv.*, 675 F.3d 1213, 1230 (9th Cir. 2012). Instead, a claimant must make a showing relating to that supervisor's own action or inaction. "A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights

is sufficient to demonstrate the involvement — and the liability — of that supervisor." *Starr v. Baca*, 652 F.3d 1202, 1206–07 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2101 (2012).

Supervisors may be held liable under § 1983: "(1) for setting in motion a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a 'reckless or callous indifference to the rights of others.'" *Moss*, 675 F.3d at 1231 (quoting *al-Kidd v. Ashcroft*, 580 F.3d 949, 965 (9th Cir. 2009), *overruled on other grounds by Ashcroft v. al-Kidd*, ––– U.S. ––––, 131 S. Ct. 2074 (2011)) (citation omitted).

Plaintiff fails to allege any facts supporting a supervisory liability claim based on action or inaction by Maesaka-Hirata, Jinbo, Kimura, or Kimoto. Nor do Plaintiff's statement of facts support a finding that the *Moss* factors apply to Defendants. Plaintiff does not show how Defendants were involved with or acquiesced in any of the alleged constitutional violations he sets forth. Plaintiff does not even allege that Defendants were aware of the violations. Plaintiff simply concludes that, because Maesaka-Hirata was the DPS Director and Kimura, Kimoto, and Jinbo monitor and enforce contractual

compliance with DPS policies at prisons where Hawaii inmates are incarcerated, they are responsible for all alleged transgressions at these prisons.  To the extent that Plaintiff alleges supervisor liability against DPS Director Maesaka-Hirata, or the other Defendants who *may* be in supervisory positions, he fails to state a claim.

**D.  SCC Claims**

Plaintiff alleges that Defendants are liable for SCC officials' improper handling of his grievances, retaliation by placing him in segregation where the conditions violated the Eighth Amendment, denial of Hepatitis C treatment, and loss or destruction his personal property.  FAC, ECF #9 at 6-12.  These claims are dismissed because (1) venue for them lies in Arizona, (2) res judicata bars the grievance, segregation, and denial of Hepatitis C treatment claims, and (3) Plaintiff fails to state a claim regarding the loss of his personal property.

**1.  *Improper Venue***

Venue for these claims lies in Arizona, where a substantial part of the events or omissions giving rise to the claims occurred.  *See* 28 U.S.C. § 1391(b); *see also Ziegler v. Indian River County*, 64 F.3d 470 (9th Cir. 1995) (extensive discussion on jurisdiction); *Lee v. Corr. Corp. of America*, 525 F. Supp. 2d 1238, 1241 (D. Haw. 2007).  The court notified Plaintiff of this when it dismissed his original Complaint.  To

avoid this conclusion, the FAC omits the names of the SCC officials that allegedly committed these acts, and instead alleges that Maesaka-Hirata, Jinbo, Kimura, and Kimoto are responsible for failing to monitor SCC officials and prevent these acts. This is insufficient to lay venue for these acts in Hawaii and the interests of justice do not favor transfer of these claims to Arizona. 28 U.S.C. § 1406(a).

### 2. *Res Judicata and Collateral Estoppel*

Even if venue were proper in Hawaii, Plaintiff's claims regarding grievances, segregation, and denial of medical care are barred by the doctrine of res judicata, which limits a litigant's ability to relitigate matters that were previously decided on their merits. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005). "[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised," *Arizona v. California*, 530 U.S. 392, 416 (2000), provided that the parties have an opportunity to be heard prior to dismissal, *Headwaters, Inc.,* 399 F.3d at 1055.

"The elements necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters, Inc.*, 399 F.3d at 1052 (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l*

*Planning Agency*, 322 F.2d 1064, 1077 (9th Cir. 2003)). Res judicata (or claim preclusion) bars claims that were previously raised and the assertion of new legal theories or grounds for recovery that might have been raised but were not. A plaintiff cannot avoid claim preclusion simply by alleging conduct by the defendant that was not alleged in the prior action, or by pleading a new legal theory. *See McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986).

Res judicata does not apply "when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate the claim or issue. . . . 'Redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation.'" *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 480–81 & n.22 (1982) (citations omitted). A person who is not a party to an action is not generally entitled to the benefits of res judicata. However, where "two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other." *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1405 (9th Cir. 1993).

Plaintiff has unsuccessfully litigated his alleged denial of grievances at SCC, his placement in SCC segregation and its allegedly unconstitutional conditions of confinement, and the

11

alleged denial of Hepatitis C treatment at SCC.[2]  In *Grindling v.*
*Thomas*, No. 2:2:09-cv-01685 FJM (D. Ariz., Jun. 10, 2010), the
district court granted SCC officials summary judgment, finding
that (1) Plaintiff had no right to file repetitive frivolous
grievances, (2) SCC officials did not retaliate against Plaintiff
for doing so, and (3) SCC officials had a legitimate penological
justification for his placement in segregation.  The Ninth
Circuit Court of Appeals affirmed this decision.  *See* No. 10-
16456 (9th Cir., Aug. 2, 2011).

        In *Grindling v. Thomas*, No. 2:09-cv-2395 FJM (D. Ariz.,
Mar. 2, 2011), the district court granted SCC officials summary
judgment, finding that SCC's grievance restrictions were
reasonably related to legitimate penological interests and did
not deny Plaintiff the right to file grievances, and that SCC
officials were not deliberately indifferent to Plaintiff's
serious medical need when they denied him Hepatitis C treatment.
The Ninth Circuit recently affirmed this decision.  *See* No. 11-
15615 (9th Cir., Jul. 26, 2012).

---

[2] This court may take notice of facts that are not subject
to reasonable dispute, the existence of public records, and of
proceedings in its own other courts, within and without the
federal judicial system, if those proceedings have a direct
relation to matters at issue.  *See Lee v. City of Los Angeles*,
250 F.3d 668, 689-690 (9th Cir. 2001); *United States ex rel.*
*Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d
244, 248 (9th Cir. 1992); Fed. R. Evid. 201(b) (West 2006).

Finally, in *Grindling v. Thomas*, No. 2:10-cv-02366 FJM (D. Ariz., Feb. 3, 2012), the district court granted SCC officials summary judgment, finding *inter alia*, that SCC's segregation did not impose an atypical and significant deprivation on Plaintiff so as to deprive him due process, that Plaintiff failed to exhaust *most* of his conditions of confinement claims regarding SCC's segregation unit, and that Plaintiff's claims regarding the constant lighting and denial of dental floss in SCC segregation failed to amount to a constitutional deprivation. The Ninth Circuit recently dismissed Plaintiff's appeal for his failure to pay the docketing fees. *See* No. 12-15298 (9th Cir. June 15, 2012) (finding that Plaintiff had accrued three strikes pursuant to § 1915(g) and was not entitled to in forma pauperis status).

This court has carefully reviewed these decisions and finds that Plaintiff's claims regarding grievances, segregation, and denial of medical care at SCC were fully litigated on their merits in federal court through appeal. There is clearly an identity of claims and a final judgment on the merits of those claims. The court also finds privity between the SCC prison officials who Plaintiff sued before and Defendants. Importantly, Plaintiff himself asserts their privity by alleging that Defendants are liable for the SCC officials' acts or failure to act.

Moreover, a person who is not technically a party to the prior action may still be bound by the prior decision if that person's interests are so similar to a party's that the party was the person's virtual representative in the prior action. *See Trevino v. Gates*, 99 F.3d 911, 923 (9th Cir. 1996). Privity "is a legal conclusion 'designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997). As relevant here, privity may be established when the interests of a non-party were represented adequately by a party in the original suit. *See id.* It is reasonable to conclude that Defendants interests were virtually represented by SCC in Plaintiff's prior actions. *See Nordhorn*, 9 F.3d at 1405.

Thus, res judicata bars Plaintiff from reasserting these claims here, because the parties are the same or in privity as in the earlier cases, the causes of action are the same as he raised before, and these causes of action were fully adjudicated on summary judgment on their merits. Although Plaintiff now asserts a new legal theory against seemingly new Defendants for their alleged failure to enforce DPS policies and contracts, these claims stem from the same "cause of action" as his claims

in the District of Arizona.[3] Res judicata bars Plaintiff from relitigating claims that were *actually* litigated and claims that *could have been* litigated regarding these issues.

### 3. *Personal Property Claim*

Plaintiff's claim that SCC officials destroyed his personal property does not appear to have been litigated before, but it fails to state a claim. Neither negligent nor intentional deprivation of property states a due process claim under § 1983, if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (finding no claim under § 1983 where state employee negligently lost prisoner's property), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (finding no claim under § 1983 for intentional destruction of prisoner's property). If a state provides an adequate post-deprivation remedy, such as a state tort action, that remedy provides sufficient procedural due process. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994); *Zinermon v. Burch*, 494 U.S. 113, 128 (1990).

Hawaii expressly waives its immunity for its employees' torts and provides an adequate post-deprivation remedy for an inmate's alleged loss of property. *See* Haw. Rev. Stat. § 662-2.

---

[3] Defendants appear to have been named solely to avoid transfer for improper venue or dismissal on res judicata grounds.

Plaintiff's allegation that SCC officials lost or destroyed his personal property fails to state a claim for the deprivation of a constitutional right.

## E.    Remaining Claims

Plaintiff asserts that Defendants refused to return him to Hawaii after the state circuit court issued an order to show cause in Plaintiff's state habeas action allegedly in violation of Haw. Rev. Stat. §§ 660-22-23.  FAC, ECF #9 at 8.  Plaintiff also apparently alleges that he is being denied treatment at MCCC for his Hepatitis C.

### 1.    *Haw. Rev. Stat. Section 660: State Habeas Corpus*

Plaintiff fails to state a claim for relief under Hawaii's habeas corpus statutes.  *See* Haw. Rev. Stat. §§ 660-3 *et seq.* (West).  Section 660-7, states that a judge may issue an order to show cause directing the respondent to answer a petition for writ of habeas corpus *in lieu* of a writ commanding respondent to produce the body.  *See* Haw. Rev. Stat. § 660-7.  If, on the other hand, the court believes that the petition provides "satisfactory proof" that the writ should issue, it may issue a warrant directing that the prisoner be brought immediately before the court.  *See* Haw. Rev. Stat. § 660-16.

Plaintiff does not claim that the state court issued the writ or a warrant directing his return to Hawaii, but states

that the state court issued an order to show cause to respond to the petition. **Thus, the state court did not grant the writ or command that the State produce him.** Moreover, the record in *Grindling v. Thomas*, No. 1:10-cv-00429 KSC (D. Haw. Mar. 22, 2011), Plaintiff's federal petition for writ of habeas corpus, conclusively shows that Plaintiff was not granted a writ of habeas corpus in the state court. *See* ECF #54. Therefore, even presuming that Defendants are responsible for producing Plaintiff upon issuance of a writ of habeas corpus, rather than the SCC warden, they had no duty to do so under Hawaii's statutes. Plaintiff fails to state a cognizable claim under state or federal law and this claim is DISMISSED without leave to amend.

### 2. Denial of Hepatitis C Treatment at MCCC

Plaintiff vaguely alleges that he is being denied Hepatitis C treatment at MCCC pursuant to unspecified DPS policies. FAC, ECF #9 at 9. To state a § 1983 medical claim, a plaintiff must allege facts showing that a defendant acted with "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff must allege facts that (1) demonstrate that failure to treat a "serious medical need" could result in further significant injury or the unnecessary and wanton infliction of pain and (2) show the defendant's response was deliberately indifferent. *Jett*, 439

17

F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; the official must be aware of facts from which the inference that a substantial risk of serious harm exists could be drawn  and he must also draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs.  *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor gross negligence will constitute deliberate indifference."  *Clement v. Cal. Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983).  "A difference

of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105-06.

Plaintiff fails to allege any facts showing that his Hepatitis C has progressed to a level of a serious medical need requiring treatment. That is, he does not describe any symptoms suggesting that a failure or delay in treating his Hepatitis C is likely to result in significant harm. Further, Plaintiff fails to allege facts showing that he is being denied any prescribed treatment which is likely to result in significant harm. That is, Plaintiff fails to allege who, how, and/or when anyone, named Defendant or not, acted with deliberate indifference to his serious medical need for Hepatitis C treatment. Plaintiff simply asserts his disagreement with unspecified DPS policies concerning the provision of Hepatitis C treatment.[4] Plaintiff does not show that these policies are medically unsound. Even if Plaintiff requested Hepatitis C treatment and MCCC medical staff have denied him treatment, and this is not evident from his claim, this is not sufficient to show deliberate indifference, because a difference of opinion with medical staff, absent more, is

---

[4] DPS Policy No. COR.10.1G.01 addresses treatment requirements for inmates with chronic diseases including Hepatitis C. *See* http://hawaii.gov/psd/policies-and-procedures.

insufficient to show deliberate indifference.  Plaintiff fails to state a claim that he is being denied medical care in violation of the Eighth Amendment, by Defendants or anyone else at MCCC and this claim is DISMISSED with leave to amend.

### III.  <u>LEAVE TO AMEND</u>

Plaintiff may file an amended complaint on or before **September 28, 2012** curing the deficiencies in Count III that are noted above.  Plaintiff must write *short, plain statements* explaining: (1) the constitutional right allegedly violated; (2) the name of the defendant who allegedly violated that right; (3) facts connecting defendant's action or inaction to the alleged violation of Plaintiff's constitutional right; and (4) what specific injury Plaintiff suffered because of that defendant's conduct.  *Rizzo*, 423 U.S. at 371-72.  Plaintiff must repeat this process for each person he names as a defendant.  Plaintiff may not allege new claims that are not part of the same transaction and occurrence in Count III.

The amended complaint must clearly designate that it is the "Second Amended Complaint."  The amended complaint must be retyped or rewritten in its entirety on court-approved forms and may not incorporate any part of the original Complaint by reference.  *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992).  Any cause of action that is not raised in the amended complaint is considered waived.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th

20

Cir. 1987).

## IV.  **28 U.S.C. § 1915(g)**

If Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, this dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## V.  **CONCLUSION**

1.  The First Amended Complaint is DISMISSED for failure to state a claim.  Plaintiff may amend his claims concerning the alleged denial of Hepatitis C care.  Plaintiff's other claims are DISMISSED without leave to amend.

2.  Plaintiff shall file an amended complaint on or before **September 28, 2012**, in compliance with this Order.  If Plaintiff fails to do so, this action shall be AUTOMATICALLY DISMISSED, without further notice and the Clerk SHALL enter judgment stating that the dismissal was made pursuant to 28

U.S.C. § 1915.

3.  The Clerk of Court is DIRECTED to forward a copy of the court's approved prisoner civil rights complaint and instructions to Plaintiff so that he may comply with this Order.

IT IS SO ORDERED.

DATED: HONOLULU, HAWAII, August 29, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Grindling v. Martone, et al.*, 1:12-cv-00361 LEK/BMK; ORDER DISMISSING FIRST AMENDED
COMPLAINT PURSUANT TO 28 U.S.C. § 1915; psas/Screening/dmp 2012/Grindling 12-361 lek
(FAC)

22