IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRIS GRINDLING, #A0721079, | ) | CIV. NO. 12-00361 LEK/BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DIRECTING ENTRY OF |
| vs. | ) | VOLUNTARY DISMISSAL |
| | ) | |
| FREDERICK MARTONE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER DIRECTING ENTRY OF VOLUNTARY DISMISSAL

Before the court is pro se prisoner Chris Grindling's Motion To Reconsider Dismissal of his first amended complaint ("FAC"), ECF #14; Motion for Extension of Time to File Amended Complaint, ECF #16; Motion for Filed Copy of Complaint, ECF #17; Motion to Refund Filing Fee, ECF #18; and Motion to Clarify Order Dismissing, ECF #19. The Clerk is DIRECTED to enter Plaintiff's notice of voluntary dismissal of this action on the docket, send Plaintiff copies of his original Complaint and FAC, and dismiss this action. Plaintiff's remaining motions are DENIED.

### I. DISCUSSION

**A. Motion to Refund Filing Fee and Voluntary Dismissal of Case**

In his Motion to Refund Filing Fee, Plaintiff asks the court to refund his filing fee "due to Plaintiff['s] voluntary withdrawal of this case." ECF #18, PageID #134. Plaintiff declares that he "is unable to litigate due to court rulings that have no reason logic or truth." *Id.* at PageID #135. Plaintiff

apparently disagrees with the court's orders dismissing his Complaint and FAC, in particular, the court's finding that several of his claims admittedly occurred in Arizona and should be litigated there, regardless of whether Hawaii defendants were also allegedly involved. *See* Dismissal Ord., ECF #8, PageID #68. Plaintiff says that "every ruling every finding by this court lacks any logic reason or truth there is no sense in prosecuting a case with obvious bias." ECF #18 PageID #135.

The Federal Rules of Civil Procedure permit a plaintiff to dismiss an action without a court order by filing (1) a notice of dismissal before the opposing party serves an answer or a motion for summary judgment or (2) a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1). Plaintiff has not filed a second amended complaint, therefore Defendants have neither received process nor answered Plaintiff's pleadings. Plaintiff has an absolute right to voluntarily withdraw his case here, and his request will be noted on the docket. *See Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995). The Clerk is DIRECTED to enter Plaintiff's request for voluntary dismissal on the docket and to close this action.

The court will not, however, refund Plaintiff's filing fee. Plaintiff voluntarily chose to pay the full filing fee when he commenced this action, undoubtedly because he has accrued three strikes pursuant to 28 U.S.C. § 1915(g). See Ord. Granting

IFP Application, ECF #11, PageID #93-94 (detailing Plaintiff's strikes). Because he paid the fee outright, however, the court did not determine whether Plaintiff was eligible for *in forma pauperis* ("IFP") status by alleging imminent danger of serious physical injury at the outset of this action. After Plaintiff filed his FAC, he requested IFP status for service of his pleadings. The court then reviewed the FAC, determined that Plaintiff sufficiently alleged imminent danger of serious physical injury, and granted Plaintiff's request. *See* ECF #11. Predictably, Plaintiff now seeks a refund of the filing fee.

Title 28 U.S.C. § 1915 does not provide any authority or mechanism for the court to waive payment of a prisoner's filing fee, or to return the filing fee after dismissal of an action. When it enacted the Prison Litigation Reform Act of 1995 ("PLRA"), Congress acted to impose financial disincentives for prisoners filing lawsuits in forma pauperis. *See Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir.1997) ("Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims. *See, e.g.*, H.R. Conf. Rep. No. 104–378, at 166–67 (1995); 141 Cong. Rec. S14626 (daily ed.) (Sept. 29, 1995) (statement of Sen. Dole)").

Further, numerous court have found that the voluntary dismissal of an action, whether filed by a prisoner or not, does

3

not entitle the litigant to a refund of filing fees. *See Porter v. Dept. of Treasury*, 564 F.3d 176, 179-80 (3d Cir. 2009) (denying a refund or waiver of remaining appellate filing fees to a federal prisoner and refund of fees to a non-prisoner litigant); *Goins v. Decaro*, 241 F.3d 260, 261 (2d Cir. 2001) (finding that pro se inmates proceeding IFP were not entitled to refund of appellate fees or to cancellation of indebtedness for unpaid appellate fees after they withdrew their appeals); *Williams v. Roberts*, 116 F.3d 1126, 1127 (5th Cir. 1997) (stating that fees are "assessed for the privilege of initiating an appeal, without regard to the subsequent disposition of the matter."); and *James v. Cropp*, No. C12-5159, 2012 WL 1669727 *1 (W.D. Wash., April 13, 2012); *see also Thurman v. Gramley*, 97 F.3d 185, 187 (7th Cir. 1996) (overruled on other grounds by Walker v. O'Brien, 216 F.3d 626 (7th Cir.2000)) ("A solvent litigant must pay the filing and docketing fees for the privilege of initiating an appeal; dismissal on jurisdictional grounds does not lead the court to refund the appellant's money.").

Plaintiff is no a stranger to litigation in the federal court nor to the fee provisions of the PLRA. The decision to file and prosecute this case was made by Plaintiff before he filed this case. Having filed this case, Plaintiff and the court are both statutorily limited by the strictures of 28 U.S.C. § 1915. Therefore, Plaintiff's motion for refund of the filing fee is

DENIED.

**B.   Plaintiff's Remaining Motions**

Because Plaintiff has voluntarily dismissed this action, his remaining motions are moot.  Nonetheless, the Clerk is DIRECTED to send Plaintiff copies of his original Complaint and First Amended Complaints.

Even if Plaintiff's voluntary withdrawal of this case did not moot his remaining motions, the court would deny his requests for reconsideration and clarification.  Under Rule 60.1 of the Local Rules for the District of Hawaii, which applies to motions for reconsideration of interlocutory orders, there are three bases for reconsideration: (1) Discovery of new material facts not previously available; (2) Intervening change in law; and (3) Manifest error of law or fact.  Plaintiff presents no new material facts, intervening change in law, or manifest error of law or fact.  Rather, Plaintiff wilfully misunderstands the court's careful explanation of why his claims are insufficient as presented and simply, albeit vehemently, disagrees with the court's order dismissing the FAC.  This is insufficient to merit reconsideration. *See Hawaii Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).  Plaintiff's arguments for clarification manifest the same denial of the court's explanation and do not explain which part of the order requires clarification.

//
## II. **CONCLUSION**

1. The Clerk is DIRECTED to enter Plaintiff's notice of voluntary dismissal, ECF #18, on the docket and terminate this action. The Clerk shall also mail a copy of Plaintiff's original Complaint, ECF #1, and First Amended Complaint, ECF #9, to Plaintiff.

2. Plaintiff's request for refund of his filing fee is DENIED.

3. Plaintiff's remaining motions, ECF #14, #16, and #19 are DENIED as moot.

IT IS SO ORDERED.

DATED: HONOLULU, HAWAII, September 27, 2012.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Grindling v. Martone, et al.*, 1:12-cv-00361 LEK/BMK; ORDER DIRECTING ENTRY OF VOLUNTARY DISMISSAL; G:\docs\prose attys\Screening\DMP\2012\Grindling 12-361 lek (vol. dsml, recon, clarify).wpd