IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRIS GRINDLING, #A0721079, | ) | NO. 1:12-cv-00361 LEK/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION FOR |
| vs. | ) | RECONSIDERATION |
| | ) | |
| FREDERICK MARTONE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER DENYING MOTION FOR RECONSIDERATION

Before the court is Plaintiff's Motion to Reconsider Dismissal, ECF #25. Plaintiff complains that the court credited his request to voluntarily dismiss this action, but did not return his filing fee. *See* Ord. Directing Entry of Voluntary Dismissal, ECF #21. Plaintiff claims that he only wanted to dismiss this action if his filing fees were returned. In essence, Plaintiff seeks to rescind his notice of voluntary dismissal of this action because it did not garner the result he sought. Plaintiff's Motion is DENIED.

"A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003) (internal citations and emphasis omitted). This

type of motion seeks "a substantive change of mind by the court." *Tripati v. Henman*, 845 F.2d 205, 206 n. 1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir. 1983)). A successful motion for reconsideration must demonstrate some reason that the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006).

On September 19, 2012, Plaintiff filed his "Motion to Refund Filing Fee Due to Voluntary Withdrawal of this Case." Mot., ECF #18, #22. Plaintiff stated that he disagreed with this court's rulings "that have no reason[,] logic[,] or truth," and vehemently asserted that "there is no sense in prosecuting a case with obvious bias." *See* ECF #18, PageID #135. Plaintiff unequivocally dismissed his case, and, other than in the title of his motion, provided no argument or reason why his filing fee should be refunded.

The Federal Rules of Civil Procedure allow plaintiffs the absolute right to dismiss an action without a court order by filing (1) a notice of dismissal before the opposing party serves an answer or a motion for summary judgment or (2) a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1); *see* ECF #21. The court therefore directed the

Clerk of Court to enter Plaintiff's unambiguous notice of voluntary dismissal. *See* ECF #21, PageID #144-48. This dismissal is without prejudice and Plaintiff is free to pursue another action in this court at a later date if that is his decision. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001). Moreover, voluntary dismissals by notice or stipulation and court order are treated alike with respect to finality and appealability — that is, they are appealable if made with prejudice and not appealable if without prejudice. *Concha v. London*, 62 F.3d 1493, (9th Cir. 1995). "[A]s numerous federal courts have made clear, a voluntary dismissal without prejudice under Rule 41(a) leaves the situation as if the action never had been filed . . . the action no longer is pending in the district court and no further proceedings in the action are proper." 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure § 2367*, at 321 (3d ed. 2008) ("A voluntary dismissal without prejudice leaves the situation as if the action never had been filed."); *City of South Pasadena v. Mineta*, 284 F.3d 1154, 1157 (9th Cir. 2002).

      Plaintiff did not condition his notice of voluntary dismissal of this case upon a refund of his filing fee, nor would the court have agreed to such a condition. Plaintiff provides no reason for this court to reconsider the Order directing entry of voluntary dismissal of this action and denying his motion for

refund of his filing fees.  Further, having entered Plaintiff's notice of dismissal, this case is no longer pending in this court, and it is unclear if the court even retains jurisdiction to consider this motion.  *See Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010) (stating that, in the normal course, a district court is divested of jurisdiction over case by filing of notice of dismissal itself, except over certain collateral matters).  Plaintiff fails to set forth facts or law of a strongly convincing nature persuading this court to reverse its September 28, 2012 Order Directing Entry of Voluntary Dismissal and this Motion is DENIED.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, October 17, 2012.



    /S/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

*Grindling v. Martone,* 1:12-cv-00361 LEK/BMK; ORDER DENYING MOTION FOR RECONSIDERATION;G:\docs\prose attys\Recon\DMP\2012\Grindling 12-361 lek (dny recon vol. dsm).wpd