IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRIS GRINDLING, #A0721079, | ) | NO. 1:12-cv-00361 LEK/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION FOR |
| vs. | ) | LEAVE TO FILE SECOND AMENDED |
| | ) | COMPLAINT |
| FREDERICK MARTONE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

On September 28, 2012, this action was closed pursuant to Plaintiff's Motion to Refund Filing Fee Due to Voluntary Withdrawal of this Case ("Notice of Voluntary Dismissal"). *See* ECF #21, #22. Before the court is Plaintiff's Motion for Leave to File Second Amended Complaint. ECF #27 (signed October 22, mailed October 24, 2012). Plaintiff's Motion is DENIED.

**I. BACKGROUND**

On **September 14**, 2012, Plaintiff **signed and mailed** two documents to this court in the same envelope: (1) his Notice of Voluntary Dismissal; and (2) his "Motion for Filed Copy of Complaint." *See* ECF #17 & #18. The court received and filed these documents on **September 19**, 2012.

On **September 18**, 2012, Plaintiff signed a Motion for Extension of Time to file Amended Complaint, a Motion to Clarify Order Dismissing [First Amended Complaint], and a letter

requesting a file-stamped copy of his first amended complaint. *See* ECF #16, #19, #20.  These documents were mailed **September 19**, and received and filed **September 20 and 21**, 2012.

On **September 27**, 2012, the court considered these documents in order, and because Plaintiff's Notice of Voluntary Dismissal was his first request, directed the Clerk to enter a notice of voluntary dismissal of this case pursuant to Fed. R. Civ. P. 41(a).  Order, ECF #21 (**signed September 27, filed and mailed September 28, 2012, at 9:32** a.m.); #22.  The court further ordered the Clerk to send Plaintiff copies of his original and first amended complaints, and denied Plaintiff's other motions. The court specifically held that Plaintiff had explicitly moved for voluntary dismissal of his action, but was not entitled to a refund of his filing fee.  *See* ECF #21 PageID #144-147.

On **October 3**, 2012, the court received Plaintiff's proposed second amended complaint.  Plaintiff dated it as signed on **September 18**, 2012, but it was not mailed until **October 1**, 2012, two days after Plaintiff's action was dismissed.  ECF #23, & #23-1 (mailing documentation).  The court informed Plaintiff that it would take no action on the proposed second amended complaint.  ECF #24.

On **October 4**, 2012, Plaintiff moved for reconsideration.  ECF #25 (signed **October 2**, mailed **October 3**,

2012). On **October 17**, 2012, the court denied reconsideration, finding that Plaintiff's notice of voluntary dismissal was "unambiguous" and that a fair reading of his "Motion to Refund Filing Fee Due to Voluntary Withdrawal of this Case" showed that "Plaintiff did not condition his notice of voluntary dismissal of this case upon a refund of his filing fee, nor would the court have agreed to such a condition." ECF #26 PageID #169.

## II. <u>DISCUSSION</u>

Plaintiff first argues that he "clearly" conditioned his Notice of Voluntary Dismissal on the court refunding his filing fee, and "clearly" intended the case to continue, because he filed the proposed second amended complaint *before* the court dismissed his action and self-dated it on September 17, 2012. *See* Mot., ECF #27 PageID #171-72.  First, Plaintiff's Notice of Voluntary Dismissal contained no conditional, "either-or" language.  Plaintiff vociferously disagreed with this court's rulings and complained that they had "no reason[,] logic[,] or truth."  *See* ECF #18, PageID #135.  Plaintiff then strenuously asserted that he was unable to litigate in this court, stating that "there is no sense in prosecuting a case with obvious bias." *Id.*  In light of this explicit language, the court found that Plaintiff's request for dismissal was unequivocal.  Moreover, although he asked for a refund of his filing fee in the title, Plaintiff provided no legal argument or reason why his filing fee

should be refunded.

Second, Plaintiff dated the proposed second amended complaint **September 18, not September 17**, 2012, as he now claims. Although due on September 28, 2012, the pleading was mailed **October 1,** 2012, two days late and *two days after* the court had directed the Clerk to enter Plaintiff's Notice of Voluntary Dismissal. This document could not, therefore, have alerted the court that Plaintiff intended to proceed with this action despite his motion to the contrary filed two weeks earlier. It appears likely that Plaintiff received notice that his action had been dismissed and mailed this document immediately thereafter. The court received Plaintiff's proposed second amended complaint *fourteen* days after his Notice of Voluntary Dismissal, and *four* days after it dismissed Plaintiff's case. This timeline does not support Plaintiff's argument that he was impliedly disavowing his Notice of Voluntary Dismissal and intending to proceed with his case when he mailed his proposed second amended complaint.

Moreover, Plaintiff's proposed second amended complaint is the *only* document submitted by Plaintiff in the entire record that took fourteen days to reach the court after it was allegedly signed.[1] This strongly suggests that Plaintiff predated the

---

[1] Compl., signed & mailed 06/20/2012, rec'd & filed 06/22/2012, (ECF #1, **2 days**); Pl. Notice, signed 06/29/2012, mailed 07/02/2012, rec'd 07/03/2012 (ECF #5, **4 days**); first amended Compl., signed 07/27/2012, in forma pauperis app., signed 07/30/2012, *mailed together* 08/06/2012, rec'd & filed 08/07/2012 (ECF #9, #10, **8 days**); Notice, undated, mailed 08/29/2012, rec'd 08/30/2012

proposed second amended complaint *after* his action was dismissed; it was certainly mailed afterward.  Rather, it appears that Plaintiff had a change of heart when the court accepted his statements as originally intended, but nonetheless declined to refund his filing fees.

Third, Plaintiff's proposed second amended complaint fails to cure the deficiencies in his original and first amended Complaints.  Thus, even if Plaintiff had not voluntarily dismissed his action, the proposed second amended complaint would have been rejected for the reasons set forth in the court's orders dismissing the original and first amended complaints.  *See* Orders, ECF #8, #12.

Fourth, Plaintiff appears confused.[2]  He filed a document clearly demanding to dismiss his action, but has now forgotten what he actually requested.  He further asserts that the proposed second amended complaint "only intend[ed] to dismiss or withdraw Count Three[,] the denial of Hepatitis C treatment

---

(ECF #13, **1 day**); Mot. for Copy of Compl., Mot. Vol. Withdrawal, signed & *mailed together* 09/14/2012, rec'd & filed 09/19/2012 (ECF #17, #18, **5 days**); Mot. Ext. time to file amd'd Compl., Mot. to clarify, signed 09/18/2012, mailed together, rec'd & filed 09/20/2012 (ECF #16, #19, **2 days**);letter undated, mailed 09/20/2012, rec'd 09/21/2012 (ECF #20, **1 day**); second amended complaint, signed 09/18/2012, mailed 10/01/2012, rec'd & filed 10/02/2012 (ECF #23, **14 days**); Mot. for recons., signed 10/02/2012, mailed 10/03/2012, filed 10/4/2012 (ECF #25, **2 days**); and Mot. to file second amd. Compl., signed 10/22/2012, mailed 10/24/2012, filed 10/25/2012 (ECF #27, **3 days**).

[2] Plaintiff's is also currently proceeding pro se in four actions in the Hawaii state courts. *See* 2PR12-1-0007; 1CC12-1-00350; 2CC12-1-00621; 2cc12-1-00759, avail. at: http://hoohiki1.courts.state.hi.us/jud/Hoohiki/.

[claim]."  *See* Mot., ECF #27 PageID #173.  The proposed second amended complaint on file, however, still asserts a denial of Hepatitis C treatment claim, although Plaintiff now alleges that he has lost 100 lbs., something he omitted in the original and first amended Complaints.  If Plaintiff intended to *withdraw* this claim, as he says, his action would also have been dismissed for failure to state a claim.

      Finally, Plaintiff complains that he is without funds to commence another suit in this court, and can only do so in the state courts.  If Plaintiff is asking to reassert this claim in *this* action with a different proposed second amended complaint that he has not yet submitted, that request is DENIED.  Plaintiff may commence a new action in this court without prepayment of fees under 28 U.S.C. § 1915(g)'s exception for imminent danger of serious physical injury.  He must provide sufficient facts to support such a claim, including why he requires Hepatitis C treatment, when he was denied such treatment, and who is personally responsible for denying him this treatment.  Plaintiff has dismissed this action, however, and he may not reinstate it by requesting leave to file a second amended complaint, whether that pleading is the one he has already filed or another that he

//

//

//

is contemplating filing.  Plaintiff's Motion for Leave to File Second Amended Complaint is DENIED.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, October 30, 2012.



        /S/ Leslie E. Kobayashi
        Leslie E. Kobayashi
        United States District Judge

*Grindling v. Martone,* 1:12-cv-00361 LEK/BMK; ORDER DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; G:\docs\prose attys\Recon\DMP\2012\Grindling 12-361 lek (dny file 2d amd compl).wpd